UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN JOHN PHILLIPS,

        Plaintiff,

vs.                          Case No. 2:06-cv-493-FtM-29SPC

JUDGE ISAAC ANDERSON, JR., COURT OF
DOMESTIC VIOLENCE,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon initial review of the file. Plaintiff, an inmate currently incarcerated in the Charlotte County Jail proceeding *pro se*, filed a civil rights complaint form pursuant to 42 U.S.C. §1983 on September 14, 2006 (Doc. #1). According to the Complaint, Plaintiff is "falsely imprisoned" for nonpayment of child support. Complaint, Section VII, page 9. Plaintiff claims that Judge Anderson refused to look at evidence which would have exonerated Plaintiff. Plaintiff seeks monetary damages for lost wages, mental stress and filing fees. Id. Section VIII, page 10.

**I.**

Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2). Consequently, pursuant to the Prison Litigation Reform Act (hereinafter PLRA), the Court is required to review Plaintiff's case to determine whether his allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2). The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Liberally construing Plaintiff's Complaint, it appears that Plaintiff is asserting a due process claim against the Defendant that allegedly resulted in Plaintiff's unconstitutional imprisonment.

**II.**

Assuming for purposes of review of the Complaint that Plaintiff could prove that the Defendant committed any alleged impropriety, Plaintiff's Complaint must nonetheless be dismissed for failure to state a claim. A claim challenging unlawful conduct leading to an unconstitutional conviction cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

> order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (emphasis original). <u>See</u> <u>also</u> <u>Kroger v. Florida</u>, 130 Fed. Appx. 327 (11th Cir. May 3, 2005).

Here, Plaintiff is currently imprisoned for the conviction that he now challenges was based on unlawful conduct. Therefore, Plaintiff cannot state a cause of action to sustain a §1983 action relating to his underlying criminal case consistent with <u>Heck</u>. Furthermore, Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing <u>Stump v. Sparkman</u>, 455 U.S. 349, 356-57 (1978)). Here it clear that Judge Anderson's actions in reviewing the evidence and sentencing Plaintiff to jail for nonpayment of child support were performed in his judicial capacity.

Consequently, the Court, concludes that no relief could be granted against the Defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983

Complaint.  <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)).  Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915 § 1915(e)(2).

ACCORDINGLY, it is now

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED**, without prejudice, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __9th__ day of October, 2006.

<i>/s/ John E. Steele</i><br>
JOHN E. STEELE<br>
United States District Judge

SA:  hmk
Copies: All Parties of Record